**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | | |
|---|---|---|
| JAMES B. HURM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-cv-00146-TWP-TAB |
| | ) | |
| BELTERRA RESORT INDIANA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY ON JURISDICTION

It has come to the Court's attention that Plaintiff's Complaint fails to allege all of the facts necessary to determine whether this Court has subject matter jurisdiction over this case. The Complaint alleges that this Court has jurisdiction based upon diversity of citizenship. However, the Complaint fails to sufficiently allege the citizenship of Defendant Belterra Resort Indiana, LLC. Citizenship is the operative consideration for jurisdictional purposes. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction").

"For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). "Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." *Id.*

Furthermore, jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement

about jurisdiction "made on personal knowledge has any value," and a statement made "'to the best of my knowledge and belief' is insufficient" to invoke diversity jurisdiction "because it says nothing about citizenship"); *Page v. Wright*, 116 F.2d 449, 451 (7th Cir. 1940) (an allegation of a party's citizenship for diversity purposes that is "made only upon information and belief" is unsupported).

The Complaint alleges that Plaintiff "Hurm is domiciled in the State of Illinois, and is a citizen of that state and the United States. Belterra is a Nevada limited liability company and, upon information and belief, citizenship of all of its members includes the states of Nevada and Delaware." ([Filing No. 1 at 2](Filing No. 1 at 2).) Allegations made upon information and belief are not sufficient to allow the Court to determine whether diversity jurisdiction exists. Additionally, this jurisdictional allegation does not establish the citizenship of Belterra Resort Indiana, LLC because alleging the identity and citizenship of each of the members is necessary for this Court to determine whether it has jurisdiction.

Therefore, the Plaintiff is **ORDERED** to file a Supplemental Jurisdictional Statement that establishes the Court's jurisdiction over this case. This statement should specifically identify each of the members of Defendant Belterra Resort Indiana, LLC and their citizenship. This jurisdictional statement is due **fourteen (14) days** from the date of this Entry.

**SO ORDERED.**

Date: 8/19/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Wilmer E. Goering, II
GOERING LAW LLC
wg.goeringlaw@gmail.com